IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1320-10






DENNIS WAYNE LIMON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


SAN PATRICIO COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION



 Nobody gives a teenager permission to allow strangers into their home. Yet, the
majority focuses on what apparent authority the child in this case may have had to let the
cops into the house at 2 o'clock in the morning. Since no actual authority would ever be
given to a minor child in these circumstances, we are just ignoring reality and wasting our
time analyzing this question. In my experience, no one gives their minor children any
authority to allow strangers to enter their home. The police should presume that minors
have no authority to consent to entry and should ask to speak to an adult. If no adults are
available then the officers need to get a warrant (and possibly call CPS). The majority's
solution will always depend upon a fact-specific analysis resulting in a problematic
uncertain determination.

 The officers' actions in this case could only be legal if the parents gave the child
actual authority to allow strangers into the home, which simply defies common sense. As
the Supreme Court said in Watts v. Indiana, 338 U.S. 49, 52 (1949), "there comes a point
where this Court should not be ignorant as judges of what we know as men."

 I respectfully dissent.


 Meyers, J.



Filed: June 15, 2011

Publish